**E-Filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation | No. C 05-0658 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| vs. | |
| THE CITY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO | |
| Defendants. | |

Plaintiff NextG Networks of California, Inc. ("NextG"), a telecommunications company, has filed the present action against the City of San Francisco and the Department of Public Works of the City of San Francisco (collectively, "the City"), alleging that the City has violated NextG's right to install, operate, and maintain its facilities along or upon the public rights-of-way consistent with sections 7901 and 7901.1 of the California Public Utilities Code, section 253 of the Telecommunications Act of 1996, 47 U.S.C. sections 151 et seq, and NextG's due process, equal protection, and just compensation rights under the United States Constitution. NextG seeks declaratory judgment, injunctive relief, and money damages. Now before the court is the defendants' motion to dismiss, or in the alternative, to stay the proceedings. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

1  BACKGROUND[1]

2       Plaintiff NextG, a telecommunications company, is a Delaware corporation with its principal

3  place of business in Milpitas, California.  On January 30, 2003, the California Public Utilities

4  Commission ("PUC") granted NextG's application for a certificate of public convenience and

5  necessity ("CPCN") to provide telecommunications services in California.  NextG's application

6  sought authority to obtain a limited facilities-based CPCN and described its intention to operate a

7  system of fiber optic cables and small antennas and conversion equipment attached to poles and

8  other structures.  The CPUC's order granting the certificate did not specify the nature of NextG's

9  authority, but simply granted a CPCN to operate as a limited, facilities-based and resale provider of

10  local exchange and interexchange services.

11       From December, 2002 through July, 2003, NextG submitted inquiries and applications to the

12  City seeking authority to install its telecommunications network on public rights-of-way.  On August

13  11, 2003, the City Attorney, acting on behalf of the Department of Public Works, denied NextG's

14  UCP application for such a permit or other authorization.  The City Attorney informed NextG that

15  the City and the Department of Public Works required a discretionary major encroachment permit for

16  the type of installations proposed.

17       Plaintiff NextG has brought the present action against the City of San Francisco and the

18  Department of Public Works, alleging that pursuant to authority vested by the Public Utilities

19  Commission, it is entitled to install its fiber-optic equipment and antennas in the public rights-of-way

20  without obtaining a discretionary major encroachment permit.  It alleges that the City's requirement

21  for such a permit violates the Telecommunications Act of 1996, section 7901 of the California

22  Public Utilities Code, and its federal constitutional rights pursuant to 42 U.S.C. section 1983.  In

23  addition to money damages, NextG seeks a declaration of its rights to install, operate, and maintain

24  its telecommunications network in public rights-of-way within the city as well as an order

25  compelling the city to issue any necessary and legitimate permits for such actions forthwith.

26       Following the filing of the present complaint, the City turned the tables, filing its own

27  complaint against Next G with the CPUC to request that the CPUC remove NextG's CPCN or to

28

United States District Court
For the Northern District of California

1    find that NextG lacks the authority to provide telecommunications services by installing wireless

2    facilities on existing utility poles. See Sanders Dec., Exh. A. The complaint alleges that rather than

3    provide "competitive local exchange and interexchange telecommunications services," as the

4    company was authorized to do, NextG offers "what it calls radiofrequency transport services to

5    commercial radio mobile service providers." Id. at ¶¶ 6-7.   Seeking revocation of NextG's licence

6    and declaratory relief, the city alleges that NextG has violated the orders and rules of the PUC and

7    the terms and conditions of NextG's CPCN by failing to timely provide exchange and interexchange

8    services, representing to the city that it has been authorized to provide radio frequency services, and

9    pursuing the installation of facilities in the public rights-of-way and on existing utility poles. Id. at

10   ¶¶ 4, 6, 28-44. NextG has filed a motion to dismiss the City's PUC complaint on the grounds that

11   the PUC complaint fails to state a cause of action under Public Utilities Code section 1702.  That

12   motion is currently pending before the PUC. The PUC has requested supplemental briefing on the

13   motion, but a preliminary ruling stated that the judge found merit in the City's position "that radio

14   frequency transport service does not strictly fit that definition [of competitive local exchange]."  The

15   preliminary ruling also determined that NextG is a telephone corporation as defined under California

16   Public Utilities Code section 234(a) and requested briefing on whether the PUC needs additional

17   regulatory classifications for services offered by such corporations. Not. of Ruling of Cal. PUC,

18   Exh. A at 4.

19         The City has moved for dismissal of NextG's federal court complaint pursuant to Federal

20   Rule of Civil Procedure 12(b)(6), or in the alternative for a stay of the present proceedings, based on

21   the primary jurisdiction doctrine. The City argues that the PUC has primary jurisdiction to decide

22   the extent of NextG's authority, a threshold question necessary to this court's determination of

23   whether the City violated federal or state law by denying NextG access to the public rights-of-way.

24

25   LEGAL STANDARD

26   I.      Rule 12(b)(6)

27         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if "it

28                                                  3

appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

II.     Primary Jurisdiction

Primary jurisdiction is not a doctrine of subject matter jurisdiction. Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc., 307 F.3d 775, 780 (9th Cir. 2002). It is a prudential doctrine under which courts may confer initial decisionmaking responsibility on the relevant agency. Id. It is appropriately applied "when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." Id. (citing Brown v. MCI WorldCom Network Servs., Inc., 277 F.3d 1166, 1172 (9th Cir. 2002)). Primary jurisdiction doctrine is not intended "to secure expert advice for the courts from regulatory agencies every time a court is presented with an issue conceivably within the agency's ambit." Id.

DISCUSSION

The City argues the applicability of the primary jurisdiction doctrine to resolve a factual dispute between the parties: the validity and scope of the CPCN that the PUC granted to NextG. The City asserts that its complaint currently pending before the PUC will determine the extent of authority granted to NextG, and that such a ruling should serve as a basis for this court's determination of the City's compliance with federal and state law. NextG argues that referral to the

4

state agency pursuant to the primary jurisdiction doctrine would be inappropriate, because this court is called upon to apply well-established law. Pl.'s Opp'n at 4. In addition, NextG argues that the City's complaint to the PUC constitutes an improper and untimely collateral attack on NextG's CPCN. Id. at 8. Lastly, NextG asserts while its CPCN is definitive evidence that it satisfies the statutory definitions of a "telephone corporation" and a provider of "telecommunications services" within the meaning of the California Public Utilities Code and the federal Communications Act, examination of a carrier's CPCN is not necessary to determine the scope of NextG's rights under the statutory provisions at issue. Id. at 10.

This court finds that the PUC has primary jurisdiction to consider threshold matters in this case, specifically: the scope of NextG's CPCN. In terms of the underlying rationales for the primary jurisdiction doctrine, this issue is well-suited for referral. See Brown, 377 F.3d at 1172 (finding the doctrine applicable where a "case presents a far-reaching question that requires expertise or uniformity in administration") (internal quotations omitted). In the present case, NextG has state-wide permission for competitive local exchange and interexchange telecommunications services, making determination of the scope of its CPCN certificate likely to affect any California municipality where NextG seeks installation of its wireless facilities on public utility poles. The parties have provided no insights as to whether it is a matter of first impression to apply a CPCN such as NextG's to the type of wireless services it now seeks to provide, but the court's research on the subject has revealed no prior consideration of the issue.[2] See Brown, 277 F.3d at 1172. The PUC's preliminary ruling requesting further briefing, finding merit in the City's position, and inquiring about the need for new regulatory classifications lends credence to the position that this is an undefined area of law in the context of new technologies. Not. of Ruling of Cal. PUC, Exh. A at 4.

The discretionary factors weighing in favor of primary jurisdiction similarly support referral in this case.[3] These factors include: (1) the need to resolve an issue (2) that has been placed within the discretion of an administrative body with regulatory authority, (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority (4) that requires expertise or

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   uniformity in administration. See Syntek, 307 F.3d at 781. Applying these factors, the scope of a

2   CPCN is a matter squarely within the authority of the PUC, which pervasively regulates telephone

3   corporations and their construction of any public facilities. See Interstate Comm. Sys., 505 F.2d at

4   157 (reasoning that the extent of regulatory power vested in the California PUC and the need for that

5   agency's "expertise in ascertaining, interpreting, and distilling the facts and circumstances

6   underlying the legal issues" both favored a stay pending PUC adjudication).

7       In addition, the question of whether a certificate for limited facilities-based and resold local

8   exchange, access and interexchange telecommunications services would encompass the installation

9   of wireless facilities on public utility poles is a textbook example of the need for agency expertise

10   and policy uniformity on a technologically complex matter. Indeed, the Ninth Circuit has held that a

11   similar question concerning the scope of a CPCN did warrant referral under the primary jurisdiction

12   doctrine. See Funbus Systems, Inc. v. California Pub. Util. Comm'n, 901 F.2d 1120, 1129-30

13   (holding that the federal Interstate Commerce Commission had primary jurisdiction to evaluate

14   whether the plaintiff's operations were within the scope of the certificate of public convenience and

15   necessity issued by the Commission). See also Service Storage & Transfer Co. v. Virginia, 359 U.S.

16   171, 177-78 (holding that "interpretations of federal certificates of this character should be made in

17   the first instance by the authority issuing the certificate and upon whom the Congress has placed the

18   responsibility of action").

19       The applicability of primary jurisdiction to this case, however, turns on an additional issue

20   overlooked by both parties. Recent dicta from the Ninth Circuit has expressed ambivalence about

21   applying the primary jurisdiction doctrine to "allow a federal court to 'route' issues to a state agency

22   for resolution." See Cost Management Srvs., Inc. v. Washington Natural Gas Co., 99 F.3d 937, 949,

23   n.12 (declining to address the question but citing authority for the proposition that the primary

24   jurisdiction doctrine is "not well-suited for a situation in which the conflict is between commands of

25   two different sovereigns"). The ambivalence in this Circuit's case law is underscored by the fact that

26   the Ninth Circuit's four-factor inquiry guiding the discretionary application of primary jurisdiction

27   expressly concerns issues that have been placed "by Congress" within an administrative agency's

28

6

purview. See Syntech, 307 F.3d at 781. See also Brown, 277 F.3d at 1172 (holding that "[p]rimary jurisdiction is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that *Congress* has committed to a regulatory agency") (emphasis added). As there is no argument in this case for referral to the Federal Communications Commission, the factors enumerated in Syntek would not, read narrowly, apply to the present request for dismissal in favor of PUC adjudication.

Other circuits have similarly expressed concern about referral to a state agency in the context of federal question jurisdiction. The Second Circuit has barred the practice except in certain circumstances, and the Eleventh Circuit has taken an inconclusive position similar to that of the Ninth Circuit. See County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295, 1310 (2nd Cir. 1990) (holding that the primary jurisdiction cannot apply where claim is brought under federal law and the referral would be to a state agency, unless the state agency operates pursuant to a federal legislative scheme); Boyes v. Shell Oil Products Co., 199 F.3d 1260, 1265, n.11 (11th Cir. 2000) (declining to reach the issue, but noting the problems raised by federal court referral to a state agency under the doctrine). Supporting a narrow application of the primary jurisdiction doctrine to contexts involving federal agencies, Supreme Court precedent outlining the contours of the doctrine has noted the delegation to federal agencies by Congress as a marker of implicit revocation of federal court jurisdiction. See Burlington N. Inc. v. United States, 459 U.S. 131, 142 (1982) (reasoning that Congress had squarely delegated primary jurisdiction to the federal agency); United States v. W. Pac. R.R. Co., 352 U.S. 59, 64 (explaining that the primary jurisdiction doctrine preserves the proper balance between the courts and agencies "created by Congress for regulating the subject matter"). See also Suffolk, 907 F.2d at 1310-11 (reasoning that Congressional creation of an agency with certain adjudicative authority "may evince a Congressional intent to limit the judiciary jurisdiction"). In the absence of a congressional delegation of authority to a federal agency, this court agrees that a federal court would be remiss not to consider whether it has any basis for declining to exercise the federal question jurisdiction granted by the federal statutes at issue in the present action.[4]

Ultimately, this court finds that the law of this Circuit still permits the application of the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  primary jurisdiction doctrine to federal question/state agency contexts.  See Industrial

2  Communications Systems, 505 F.2d at 156 (staying a federal court action pending disposition of a

3  key issue by the PUC).  See also Eckard Brandes, Inc. v. Riley, 338 F.3d 1082 (9th Cir. 2003)

4  (applying, without discussion, the primary jurisdiction doctrine in a case involving potential referral

5  to state administrative bodies).  This court thus applies Industrial Communications and Funbus to

6  await the PUC's adjudication of whether NextG's status as a limited facilities-based local and

7  interexchange service provider authorizes radiofrequency transport services and wireless installations

8  in the public rights-of-way.[5]  See 505 F.2d at 156; 801 F.2d at 1129.

9      Finding that the PUC has primary jurisdiction to consider whether radiofrequency transport

10  service is within the scope of NextG's CPCN, this court grants a stay of plaintiff's claims arising

11  under section 7901 of the California Public Utilities Code.  In cases of referral pursuant to the

12  primary jurisdiction doctrine, a district court "has discretion either to retain jurisdiction or, if the

13  parties would not be unfairly disadvantaged, to dismiss the case without prejudice."  Brown, 277

14  F.3d at 1173.  Given the City's late filing with the PUC regarding the validity and scope of NextG's

15  CPCN, the court finds that NextG would be unfairly disadvantaged by dismissal.  Furthermore, the

16  necessity of further judicial proceedings on plaintiff's claims following the PUC's disposition

17  weighs in favor of a stay.  See Shapiro v. Paradise Valley Unified School Dist. No. 69, 152 F.3d

18  1159, 1160 (9th Cir. 1998).

19      Under the dual federal and state regulatory system governing telecommunications, and in the

20  context of a stay pending a decision that is due within only weeks of issuance of this order, plaintiff's

21  federal claims are also stayed pending the PUC's decision.  See Indus. Comm. Sys., Inc., 505 F.2d at

22  156-67 (staying federal claims for primary adjudication before the PUC and discussing the symbiotic

23  state and federal regulatory system in a similar context).  Defining the scope of NextG's CPCN will

24  bear on adjudication of claims arising under section 253 of the Telecommunications Act.

25

26

27

28      8

CONCLUSION

For the above reasons, this action is STAYED pending resolution of the complaint currently proceeding before the California Public Utilities Commission. The parties shall notify the court within ten days of any decision(s) by the Commission, and the court will subsequently set dates for continuation of this action.

IT IS SO ORDERED.

Date: June 6, 2005

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9

United States District Court
For the Northern District of California

1

## ENDNOTES

2

3

1. All facts herein are taken from the complaint, unless otherwise noted.

4

5

6

7

8

2. The authorities sited by plaintiff are inapposite. The fact that a second company has received a similar CPCN to provide radiofrequency services only begs the question of the scope of such a certificate. See Pl.'s Appx. of CPUC Authorities, Exh. 3-4. Similarly, the fact that a court of this district found that a CPCN was evidence of common carrier status under the Telecommunications Act does not inform whether or not the license at issue in this case entitles NextG to install radiofrequency facilities on public rights-of-way. See Qwest Communications Corp. v. City of Berkeley, 255 F. Supp. 2d 1116 (N.D. Cal. 2003) (Illston, J.). Once the PUC has made its determination regarding the scope of NextG's local exchange and interexchange telecommunications services CPCN (specifically, whether it encompasses radiofrequency transport and wireless installations), this court will similarly adjudicate the City of San Francisco's actions in light of the Telecommunications Act.

9

10

11

12

13

3. The court appreciates that plaintiff has raised an additional concern not encompassed by the factors for assessing primary jurisdiction, namely the timing of defendant's filing with the PUC after the filing of plaintiff's present action in this court. While technically plaintiff is correct that the City could have objected to NextG's CPCN during the public comment period prior to its issuance, this court is persuaded by the City's counterargument that with hundreds of CPCNs per year issued for businesses intended to start up anywhere in California, it would be unrealistic to expect municipalities to spend resources contesting the validity and scope of CPCNs prior to an assertion of authority under that CPCN in their locale and the emergence of a dispute between the city and the provider.

14

4. For that reason, among others discussed herein, this court has decided to stay rather than dismiss the present action.

15

16

17

18

19

20

5. The City has also asked the PUC to consider the validity of NextG's certificate and plaintiff's compliance with its terms and conditions. See Sanders Dec., Exh. A. Neither of those issues are necessary for resolution prior to the adjudication of the present action in this court. When the agency issued NextG a CPCN, it determined the company's eligibility and entitlement for the certificate and its privileges. With no dispute about its authenticity, the CPCN itself is prima facie evidence of its validity. See Syntek, 307 F.3d at 781 (analogously holding that a copyright is prima facie evidence of its validity, subject to challenge in federal court based on the elements of copyright validity). See also Qwest, 255 F. Supp. 2d at 1116 (holding that possession of a CPCN is conclusive evidence of common carrier status). As to the second issue, plaintiff's compliance with the terms and conditions of its CPCN is not before this court. The material issues in the present action concern the scope, not the existence, of NextG's authority under its CPCN.

21

22

23

24

25

26

27

28

10